UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BILLY G. ASEMANI,**

      **Plaintiff,**

      v.

**UNITED STATES VICTIMS OF STATE
SPONSORED TERRORISM FUND,**

      **Defendant.**

Case No. 2:21-cv-4098
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction and/or Failure to State a Claim. (ECF No. 38). For the reasons stated herein, the Court **GRANTS** Defendant's Motion to Dismiss.

**A. Fund Litigation**

The United States Victims of State Sponsored Terrorism Fund was created by Congress in 2015. The Fund is intended to distribute compensation to victims of international terror attacks. A Special Master administers the Fund, making eligibility and compensation decisions based on criteria within the statute.

Applicants seeking compensation from the Fund must show:

> (i) issued by a United States district court under State or Federal law against a foreign state that designated as a state sponsor of terrorism at the time of the acts . . . occurred or was so designated as a result of such acts; and
> (ii) arising from the acts of international terrorism, for which the foreign state was
> determined not to be immune from the jurisdiction of the courts of the United States under section 1605A or section 1605(a)(7) ….

34 U.S.C. § 20144(c)(2)(A)(i)–(ii)

Plaintiff Billy G. Asemani applied to the Fund in 2016. (ECF No. 38, Exhibit 1). In his application, Asemani alleged he was the recipient of a favorable final judgment against the Islamic Republic of Iran. (*Id*., Page 5).[1] However, this judgment was rendered by a Maryland state court, rather than a United States district court. (*Id*.). As consequence of receiving his judgment from a Maryland Court, Asemani's application was rejected due to an inability to fulfill eligibility requirements. (ECF No. 38, Exhibit 2, Page 1). This rejection was reaffirmed at a post-hearing eligibility determination. (*Id*., Exhibit 3).

Undeterred by his previous rejections, Asemani filed another application to the Fund in 2019. (*Id*., Exhibit 4). Learning from his first rejection, Asemani stated in his application that he was a holder of a judgment from the U.S. District Court for the Southern District of Idaho in the case of *Billy G. Asemani v. The Islamic Republic of Iran* Case Number 1:19-mc-10587-DCN. (ECF No. 38, Exhibit 4). He did not attach the judgment to his application, although he did later include a copy of the docket, a letter from the Deputy Clerk of the U.S. District Court for the District of Idaho, and the Maryland state court judgment in a supplement to his original filing. (*Id*.); (*Id*., Exhibit 5). Additionally, Asemani stated that he obtained judgments in his favor from District Courts in Illinois and Texas[2]. Upon reviewing his application and materials, the Fund denied Asemani's application. (*Id*., Exhibit 6). Asemani requested a review hearing, but that too was denied. (*Id*., Exhibit 7).

B. **Procedural Background**

---

[1] *Asemani v. Islamic Republic of Iran*, Circuit Court for Allegany County, Maryland, case number C-10-034739
[2] Asemani v. Iran, No. 21-mc-2004 (C.D. Ill. Mar. 31, 2021); Asemani v. Iran, No. 5:21-mc-4 (N.D. Tex. July 13, 2021).

On August 5, 2021, Pro Se Plaintiff Billy G. Asemani filed a complaint in the Southern District of Ohio against the Special Master of the United States Victims of State Sponsored Terrorism Fund. (ECF No. 1). Asemani's action stems from the Fund's denial of his applications for compensation. (ECF No. 1). Defendant filed the instant motion to dismiss on July 5, 2022. Plaintiff responded 21 days later, on July 26. Finally, Defendant replied on August 9, 2022.

**C. Standard**

Federal Rule of Civil Procedure 12 authorizes dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To meet this standard, the complaint must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In considering a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the non-moving party, accepting as true all of plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

Nonetheless, the Court must read Rule 12(b)(6) in conjunction with Federal Rule of Civil Procedure 8(a), requiring a short and plain statement of the claim showing that the plaintiff is entitled to relief. *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 907 (S.D. Ohio 2013). Thus, the pleading's factual allegations, assumed to be true, must do more than create mere speculation or suspicion of a legally cognizable claim; they must show entitlement to relief. *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007). Further, "the tenet that courts must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 662. As such, while a plaintiff is not required to set forth detailed factual allegations at the pleading stage, a complaint must contain a basis upon which relief can be granted; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *See id*. at 679; Fed. R. Civ. P. 8(a).

*Lloyd v. Pokorny*, No. 2:20-cv-2928, 2020 U.S. Dist. LEXIS 162998 (S.D. Ohio Sep. 8, 2020).

### D. Analysis

Defendant advances two arguments for dismissal. First, Defendant argues the Court lacks jurisdiction over Plaintiff's complaint. (ECF No. 38, Page 1). And second, even if the Court does have jurisdiction, Defendant contends Plaintiff's claims cannot prevail as a matter of law. (*Id*.) Plaintiff disagrees, maintaining that this Court has jurisdiction to hear his viable claims. (ECF No. 4). The Court agrees with Defendant.

#### a. Threshold Matter. Take Judicial Notice of Previous Cases

As a threshold matter, this Court will take judicial notice of Plaintiff's filings in United States District Courts in Illinois, Idaho, and Texas. Courts are usually barred from taking judicial notice of facts when considering motions to dismiss under Fed. R. Civ. P. 12(b). "The district court, in reviewing a motion to dismiss, may not consider matters beyond the complaint." *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001) (citing 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed. 2000)). However, "on a motion to dismiss, we may take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Winget v. JP Morgan Chase Bank*, N.A., 537 F.3d 565, 576 (6th Cir. 2008). Further, "a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010). Given the settled precedent, this Court takes judicial notice of all public records related to Plaintiff's previous litigation related to the Fund in United States District Courts in Illinois, Idaho, and Texas.

### b. Lack of Jurisdiction

Defendant first argues that this Court lacks jurisdiction to hear Plaintiff's claim. He maintains that the Act that created the United States Victims of State Sponsored Terrorism Fund specifically prohibits review of the fund administrator's decisions. "All decisions made by the Special Master with regard to compensation from the Fund" are "not subject to . . . judicial review." 34 U.S.C. § 20144(b)(3). Plaintiff, however, denies asking the Court to engage in judicial review. Plaintiff maintains "his claim is not one of 'Judicial Review' of any decisions by the Special Master. Asemani is invoking the Court's 'Federal Question Jurisdiction*' (28 §1331), seeking a 'Declaratory Judgment' (28 §2201), as to whether, in accord with *Prado*[3], his 'enforceable final judgment' from USDC/NDTx, meets 34 U. S. C. §20144's requirement that a qualified judgment is one that is 'issued by a United States district court[.].'" The Court concurs with Defendant.

While Plaintiff denies seeking judicial review, he cannot be accorded relief without it. Plaintiff asks the Court to "grant Asemani relief in the form of declaring his right to compensation as it relates to the §20144 1's U.S. district court final judgment." (ECF No. 1, Page 24). A declaration of Plaintiff's eligibility for compensation would, necessarily, require the Court to overturn the Special Master's determinations of Asemani's ineligibility. As such, no matter how Plaintiff seeks to frame the question, the Court cannot accord Plaintiff his relief without engaging in judicial review. And the Court cannot engage in judicial review of the Special Master's determination because it is explicitly barred from doing so by the statue's language. ("All decisions made by the Special Master with regard to compensation from the

---

[3] Plaintiff appears to be referring to *Del Prado v. B.N. Development Co., Inc.*, 602 F.3d 660 (5th Cir. 2010)

Fund" are "not subject to . . . judicial review." 34 U.S.C. § 20144(b)(3)). Given this language, the Court lacks jurisdiction over Plaintiff's claim.

### c. Failure to State a Viable Claim

This Court lacks jurisdiction to hear Plaintiff's claim. As such, we need not reach the merits of his argument.

### E. Conclusion

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**. (ECF No. 38). Plaintiff's action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**3/15/2023**  
**DATE**

s/Edmund A. Sargus, Jr.  
**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**