UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BILLY G. ASEMANI,**

      **Plaintiff,**

  v.

**UNITED STATES VICTIMS OF STATE SPONSORED TERRORISM FUND,**

      **Defendant.**

Case No. 2:21-cv-04098
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## ORDER

This matter is before the Court on Plaintiff Billy G. Asemani's Motion for Reconsideration. (ECF No. 89.) For the reasons stated below, Mr. Asemani's Motion is **DENIED AS MOOT**.

On March 15, 2023, this Court granted Defendant United States Victims of State Sponsored Terrorism Fund's motion to dismiss Mr. Asemani's action and entered judgment. (ECF Nos. 67, 68.) Before the end of March, Mr. Asemani filed three notices of appeal related to the Court's March 15, 2023 Opinion and Order. (ECF Nos. 69–71.) Sixth Circuit case numbers were created for all three appeals (ECF Nos. 72–74), but two were dismissed as duplicative (ECF Nos. 75, 76). Only Mr. Asemani's Sixth Circuit Case No. 23-3268 proceeded.

On April 14, 2023, Mr. Asemani filed a *pro se* motion for extension of time to file an application to proceed *in forma pauperis* ("IFP") on appeal. (ECF No. 77.) The Court granted the motion a few days later and ordered Mr. Asemani to file an IFP application or pay the filing fee on or before June 1, 2023. (ECF No. 78.)

On June 29, 2023, the Sixth Circuit received Mr. Asemani's "Motion for 'Writ of Mandamus[,] Compel[lling] [*sic*] the Court Below to Proceed with Pro Se Appellants in Forma Pauperis-Related Request." (ECF No. 80.) In it, Mr. Asemani requested that the Sixth Circuit order this Court to "act upon Asemani/RCI's request for IFP purposes." (*Id.*) Mr. Asemani said that he needed six-months of financial records from his institution of incarceration—Roxbury Correctional Institution ("RCI")—and an order from this Court compelling RCI to release those records. (*Id.*) The Sixth Circuit Case Manager sent Mr. Asemani a letter explaining his petition for writ of mandamus was docketed as case number 23-3540, and noted the filing fee due for the petition. (*Id.*) If Mr. Asemani sought waiver of the fee through a motion for pauper status, he needed to complete a financial affidavit by July 31, 2023. (*Id.*)

Soon after, Mr. Asemani filed a similar "Motion for Writ of Mandamus" in this case. (ECF No. 81.) This Court granted Mr. Asemani's request and directed the custodian of Plaintiff's inmate trust account at RCI to provide Mr. Asemani with a certificate of his prisoner account statement so that he could complete his IFP application. (ECF No. 82.) In early August 2023, after receiving the relevant information, Mr. Asemani filed his IFP application. (ECF Nos. 83, 84.)

On September 8, 2023, the Magistrate Judge issued a Report and Recommendation on Mr. Asemani's IFP application, recommending that because Mr. Asemani is a "three striker,"[1] he pay the full $505 appellate filing fee within 30 days of the Court adopting the Report and Recommendation. (R&R, ECF No. 85, PageID 544 (citing 28 U.S.C. § 1915(g)).) Mr. Asemani

---

[1] 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

timely objected. (Obj., ECF No. 86.) Around the same time, on September 25, 2023, the Sixth Circuit ordered Mr. Asemani's Case No. 23-3540 be dismissed for want of prosecution for failure to pay the proper fee. (ECF No. 87.)

This Court mistook the Sixth Circuit's Order dismissing Mr. Asemani's Sixth Circuit Case No. 23-3540, as one dismissing his Sixth Circuit Case No. 23-3268. (ECF No. 88.) In doing so, on November 21, 2023, it denied as moot Mr. Asemani's IFP application (ECF No. 84), overruled Mr. Asemani's objection (ECF No. 86) as moot, and terminated the Report and Recommendation. (ECF No. 88.) Mr. Asemani highlights this error in his Motion for Reconsideration. (ECF No. 89.) This Court appreciates Mr. Asemani alerting the Court to its error. Nevertheless, as explained below, Mr. Asemani's instant Motion is moot.

Mr. Asemani's appeal in Case No. 23-3268 proceeded: This Court's Order denying as moot Mr. Asemani's IFP application was docketed in the Sixth Circuit on November 29, 2023. (6th Cir. Case No. 23-3268, Doc. 11.) The Sixth Circuit Case Manager sent Mr. Asemani a Ruling Letter advising him that he could either pay the $505 appellate filing fee or a renewed motion for pauper status and a financial affidavit in his appellate case. (*Id.* Doc. 12.) Mr. Asemani filed a renewed IFP application, supported by a financial affidavit. (*Id.* Docs. 15, 16.) By Order on March 20, 2024, the Sixth Circuit denied Mr. Asemani's renewed IFP application, rejecting Mr. Asemani's argument that he satisfied the imminent-danger exception and finding his "conclusory allegation that he is likely to be assaulted by other prisoners at the behest of the Iranian government or otherwise targeted is based on his own speculation and suspicions." (*Id.* Doc. 21-2.)

On April 15, 2024, Mr. Asemani moved to voluntarily dismiss his appeal in the Sixth Circuit, explaining he decided to pursue his claims in the federal court in the District of

3

Columbia. (*Id.* Doc. 22.) The Sixth Circuit granted Mr. Asemani's motion. (*Id.* Doc. 23.) Mr. Asemani's motion for voluntary dismissal and the Sixth Circuit's order granting that motion render his current Motion for Reconsideration moot.

For the reasons stated above, Mr. Asemani's Motion for Reconsideration is **DENIED AS MOOT**. (ECF No. 89.) This case remains closed.

    IT IS SO ORDERED.

**9/18/2024**                                                   **s/Edmund A. Sargus, Jr.**
**DATE**                                                       **EDMUND A. SARGUS, JR.**
                                                          **UNITED STATES DISTRICT JUDGE**